IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT I. SERRANO, | ) | |
| Plaintiff, | ) | CASE NO.   CIV S-08-01222 BJR |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| C.B. ROMO, et al. | ) | |
| Defendants. | ) | |

## I.   INTRODUCTION

Plaintiff is a California state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983 in which he alleges that he was denied adequate medical attention, subjected to excess force, and denied access to religious services while incarcerated in the California prison system.

## II.   BACKGROUND

On October 1, 2007 plaintiff filed a complaint in the United States District Court for the Northern District of California. On November 5, 2007, the district court granted plaintiff's motion to proceed in *forma pauperis* and on March 14, 2008 denied his request for the appointment of legal counsel. On May 28, 2008 the case was transferred to the United States District Court for the Eastern District of California. Plaintiff then filed several motions seeking

1

status up-dates, discovery requests, as well as alleging on-going violations of his constitutional rights. However, on June 16, 2008, plaintiff filed a document titled "Motion for Extension of Time" in which he requested that the court refrain from taking further action on the case while the parties attempted to resolve the dispute themselves. Subsequently, the case was transferred to this court on January 24, 2008.

### III.     ANAYLSIS

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must accept as true the allegations of the amended complaint, *Hospital Bldg. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favourable to plaintiff, and resolve all doubts in plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). Federal Rule of Civil Procedure 8(a) requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

However, given that the plaintiff requested that the court stay this action while the parties attempt to resolve their dispute amicably, this court will refrain from screening the complaint until the plaintiff notifies the court that he intends to proceed with this action. If the plaintiff does notify the court that he intends to proceed with this action, plaintiff will be required to file an amended complaint in which he states the precise nature of his claim(s) and the specific allegations against the defendant(s). The court notes that many of his previous allegations may have been resolved and should not be included in the amended complaint. In addition, any allegations raised in the document titled "Judicial Notice" that the plaintiff filed on July 21, 2008 that remain unresolved should be included in the amended complaint.

In response to plaintiff's letter dated January 25, 2008 in which he requests that the court provide him with a current copy of the Federal Rules of Civil Procedure, the court notes that such a document should be available to the plaintiff in the library at the institution where he is incarcerated. The court also suggests that plaintiff reference the Prisoner New Case Documents sent to him by the clerk of the court on June 3, 2008.

The court will strike plaintiff's discovery motion filed on January 29, 2008 as premature as the court has not screen the complaint nor have the defendants been served.

### IV.   CONCLUSION

Based on the foregoing, the court hereby rules as follows:

A.   Plaintiff's Motion to Seek the Last Known Addresses of the Defendants filed on January 29, 2008 is STRICKEN;

B.   Plaintiff's Motion for Extension of Time filed on June 16, 2008 is GRANTED; and

C.   Plaintiff is instructed to notify the court within thirty (30) days from the date of this order whether he intends to proceed with this action. If he fails to do so, plaintiff is on notice that this case will be dismissed. If plaintiff intends to proceed with this action, he is instructed to file an amended complaint within sixty (60) days from the date of this order. The court will then screen the amended complaint pursuant to 28 U.S.C. § 1915A and order service of process, if appropriate.

DATED this 16th day of November, 2009.

/s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
United States District Court Judge