IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT I. SERRANO,              )<br>            Plaintiff,                    )<br>                                             )<br>            v.                                )<br>                                             )<br>                                             )<br>C.B. ROMO, et al.                  )<br>            Defendants.            ) | CASE NO.   CIV S-08-01222 BJR<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION |

   Before the court is Plaintiff's Motion for Reconsideration filed on December 4, 2009. Plaintiff filed the motion in response to this court's November 16, 2009 Order instructing Plaintiff to notify the court whether he intends to pursue the above-captioned matter and, if so, to file an amended complaint. The November 16, 2009 Order was necessary given the unusual history of this case.

   Plaintiff initiated this lawsuit in October 2007 when he filed his complaint in the United States District Court for the Northern District of California. In June 2008, Judge Armstrong transferred the case to the United States District Court for the Eastern District of California and the case was reassigned to Magistrate Judge Serrano.[1] In November 2008, the case was

---

[1] Plaintiff consented to the Magistrate Judge's jurisdiction.

1

transferred to the United States District Court for the Western District of Washington and assigned to Chief Judge Lasnik. Thereafter, in February 2009, the case was reassigned to this court. During this time of transition, Plaintiff filed numerous pleadings, some of which indicate that some of Plaintiff's claims have been resolved amicably.

This court is required to review Plaintiff's complaint pursuant to 28 U.S.C. § 1915A which states that "[o]n review, [this] court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. The court infers from Plaintiff's motion for reconsideration that he intends to pursue his § 1983 claims. However, given that Plaintiff has indicated that he may no longer want to pursue some of his claims against some of the defendants, it would be prudent for Plaintiff to amend his complaint before this court embarks on the 1915A screening process.

Therefore, the court repeats its instruction that Plaintiff file an amended complaint. He must do so within sixty days from the date of this order. In his amended complaint he should clearly set forth his claims, the factual allegations giving rise to those claims, and the individuals he alleges are responsible for his damages. The court cautions Plaintiff that the amended complaint must be complete in itself without reference to the original complaint. The court will assume that Plaintiff is pursuing only those defendants named in the amended complaint. All others will be dismissed. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).[2]

---

[2] In the Motion for Reconsideration Plaintiff expressed concern that he will not be able to locate some of the defendants. Presumably, Plaintiff is concerned about locating the defendants so that he can serve them with the amended complaint. Plaintiff need not be concerned about serving the defendants. If this court determines that the amended complaint states a cognizable claim(s), the

1
2
3
4   Based on the foregoing, Plaintiff's Motion for Reconsideration will be considered as a motion for clarification and is resolved accordingly. Plaintiff has sixty (60) days from the date of this order within which to file an amended complaint. This action will be dismissed if Plaintiff fails to file an amended complaint within the specified time.

5   DATED this 4th day of January, 2010.

6
7
8                                         /s/ Barbara Jacobs Rothstein

9                                         Barbara Jacobs Rothstein
                                          United States District Court Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

---

court will direct the United States Marshal to serve the named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.