IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT I. SERRANO, | ) | |
|     Plaintiff, | ) | CASE NO.   CIV S-08-01222 BJR |
| | ) | |
|     v. | ) | |
| | ) | ORDER DENYING REQUEST FOR |
| C.B. ROMO, et al. | ) | AN EXTENSION OF TIME AND |
|     Defendants. | ) | DISMISSING COMPLAINT |

This matter comes before the court on Plaintiff's March 2, 2010 Motion for an Extension of Time. Plaintiff initiated this lawsuit in October 2007 when he filed a complaint in United States District Court for the Northern District of California. In June 2008, Judge Armstrong transferred the case to the United States District Court for the Eastern District of California and the case was reassigned to Magistrate Judge Mueller. In November 2008, the case was transferred to the United States District Court for the Western District of Washington and assigned to Chief Judge Lasnik. Thereafter, in February 2009, the case was reassigned to this court. During this time of transition, Plaintiff filed numerous, somewhat opaque, pleadings, some of which indicate that some or all of Plaintiff's claims may have been resolved.

This court is required to review Plaintiff's complaint pursuant to 28 U.S.C. § 1915A which states that "[o]n review, [this] court shall identify cognizable claims or dismiss the

1

complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1),(2). However, given that Plaintiff had indicated that he may no longer want to pursue his claims against Defendants, this court decided to allow Plaintiff to amend his complaint before the court subjected it to the 1915A screening process.

On November 16, 2009, the court ordered Plaintiff to notify it whether he intended to pursue this matter, and, if so, to file an amended complaint. Instead, Plaintiff filed a motion for reconsideration which the court denied on January 4, 2010. In the January 4th order, the court for the second time ordered Plaintiff to file an amended complaint and informed him that the action would be dismissed if he failed to do so within the specified time. The court explained that there were too many ambiguities concerning his existing complaint for the court to proceed with the case without an amended complaint. Subsequently, Plaintiff filed the instant motion.

A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *see also* Fed.R.Civ.P. 41(b). Applying these factors to this matter tips the scale in favor of dismissal. Plaintiff's dilatory conduct has impeded progress in this case and prevented this court from advancing its docket. In an effort to accommodate Plaintiff's *pro se* status, the court has twice directed Plaintiff to amend his complaint. Yet twice, Plaintiff has failed to take advantage of this

1
2
3
4 opportunity. Plaintiff is in clear violation of this court's orders. Dismissal with prejudice is
5 warranted.
6
      DATED this 29th day of March, 2010.
7
8
9                   /s/ Barbara Jacobs Rothstein
10
                  Barbara Jacobs Rothstein
11                   United States District Court Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25